THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:07-CV-319-F

| KESHA RONA COGGINS | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER AND** |
| | ) **MEMORANDUM AND RECOMMENDATION** |
| DRISS HEUYOUKANE, DC FRYER, DC PAYNE, MATTHEW MARTIN, IAN BURLINGHAM, and STEVEN CRIPSS | ) |
| Defendants. | ) |

This matter is before the court on Plaintiff Rona Coggins' pro se application to proceed in forma pauperis and for frivolity review. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Accordingly, her application to proceed in forma pauperis under 28 U.S.C. § 1915(a) is allowed.

Nonetheless, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing sua sponte dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

1

In this case, Plaintiff is suing six individuals who live in the United Kingdom. Plaintiff has presented no evidence to the court that those individuals have sufficient minimum contacts with the State of North Carolina that would allow this court to exert personal jurisdiction over them. See Hernandez v. Santiago, 140 F.Supp.2d 567, 569-70 (E.D.N.C. 2001) (discussing the requirements necessary for a court to validly exert personal jurisdiction over a defendant). Under 28 U.S.C. § 1915(e)(2)(B)(iii) a court may dismiss a complaint if the defendants are immune from suit. In addition, some courts allow dismissal of a complaint under 28 U.S.C. § 1915 for lack of personal jurisdiction, although the statute does not specifically provide for dismissal on personal jurisdiction grounds. See, e.g., Trujillo v. Williams, No. 04-2257, 2006 WL 2949135, *3 (10th Cir. Oct. 17, 2006) (concluding that dismissal of complaint for lack of personal jurisdiction was justified but remanding for consideration of whether transfer was appropriate).

However, even if personal jurisdiction were not a valid means of dismissing a case under 28 U.S.C. §§ 1915 and 1915A, the complaint must still be dismissed for failure to state a claim upon which relief may be granted. Plaintiff asserts that her civil rights were been violated because Defendants made false claims and statements against her which hindered her ability to "clear her namesake" and pass a background check. Plaintiff has failed to allege how her civil rights have been violated or what, specifically, Defendants have allegedly done. A civil rights plaintiff may not simply present conclusions, but must allege some minimum level of factual support for her claims in order to avoid dismissal. See White v. White, 886 F.2d 721, 724 (4th Cir. 1989). Even granting Plaintiff, as a pro se litigant, more liberal treatment, she has failed to raise a claim that is cognizable in this court. Id. at 722-23. Accordingly, the court recommends that Plaintiff's complaint be

dismissed as frivolous.

## CONCLUSION

Accordingly, for the reasons stated above, the court **GRANTS** Plaintiff's motion to proceed in forma pauperis. In addition, the court **RECOMMENDS** that the underlying complaint be **DISMISSED** as frivolous. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten (10) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This 10th day of October 2007.

DAVID W. DANIEL
United States Magistrate Judge